UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

WILLIAM COOK,

    Plaintiff,

v.

NANCY A. BERRYHILL (PREVIOUSLY COLVIN), Acting Commissioner of Social Security, [1]

    Defendant.

No. 1:16-CV-03050-RHW

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS**

Before the Court are the parties' cross-motions for summary judgment, ECF Nos. 14 & 18. Plaintiff William Cook brings this action seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner's final decision, which denied his application for Disability Insurance Benefits and Supplemental Security Income under Titles II & XVI of the Social Security Act, 42 U.S.C §§ 401-434 &

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 20, 2017. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for Carolyn W. Colvin as the defendant in this suit. No further action need be taken to continue this suit. 42 U.S.C. § 405(g).

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 1**

1381-1383F. After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the Court **GRANTS** Plaintiff's Motion for Summary Judgment and **REMANDS** for further proceedings.

## I.     Jurisdiction

Mr. Cook filed concurrent applications for Disability Insurance Benefits under Title II and Supplemental Security Income under Title XVI on June 27, 2012. AR 216-224. His alleged onset date is May 31, 1996. AR 235. His application was initially denied on November 14, 2012, AR 144-50, and on reconsideration on April 2, 2013, AR 156-59.

A hearing with Administrative Law Judge ("ALJ") S. Andrew Grace occurred on June 20, 2014. AR 40-82. On August 8, 2014, ALJ Grace issued a decision finding Mr. Cook ineligible for disability benefits under Titles II and XVI. AR 18-32. The Appeals Council denied Mr. Cook's request for review on February 10, 2016, AR 1-3, making ALJ Grace's ruling the "final decision" of the Commissioner.

Mr. Cook timely filed the present action challenging the denial of benefits on February 24, 2016. ECF No. 3. Accordingly, Mr. Cook's claims are properly before this Court pursuant to 42 U.S.C. § 405(g).

//

## II.   Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  A claimant shall be determined to be under a disability only if the claimant's impairments are of such severity that the claimant is not only unable to do his previous work, but cannot, considering claimant's age, education, and work experience, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A) & 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Social Security Act.  20 C.F.R. §§ 404.1520(a)(4) & 416.920(a)(4); *Lounsburry v. Barnhart,* 468 F.3d 1111, 1114 (9th Cir. 2006).

Step one inquires whether the claimant is presently engaged in "substantial gainful activity."  20 C.F.R. §§ 404.1520(b) & 416.920(b).  Substantial gainful activity is defined as significant physical or mental activities done or usually done for profit.  20 C.F.R. §§ 404.1572 & 416.972.  If the claimant is engaged in

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 3**

substantial activity, he or she is not entitled to disability benefits. 20 C.F.R. §§ 404.1571 & 416.920(b). If not, the ALJ proceeds to step two.

Step two asks whether the claimant has a severe impairment, or combination of impairments, that significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c) & 416.920(c). A severe impairment is one that has lasted or is expected to last for at least twelve months, and must be proven by objective medical evidence. 20 C.F.R. §§ 404.1508-09 & 416.908-09. If the claimant does not have a severe impairment, or combination of impairments, the disability claim is denied, and no further evaluative steps are required. Otherwise, the evaluation proceeds to the third step.

Step three involves a determination of whether any of the claimant's severe impairments "meets or equals" one of the listed impairments acknowledged by the Commissioner to be sufficiently severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526 & 416.920(d), 416.925, 416.926; 20 C.F.R. § 404 Subpt. P. App. 1 ("the Listings"). If the impairment meets or equals one of the listed impairments, the claimant is *per se* disabled and qualifies for benefits. *Id.* If the claimant is not *per se* disabled, the evaluation proceeds to the fourth step.

Step four examines whether the claimant's residual functional capacity enables the claimant to perform past relevant work. 20 C.F.R. §§ 404.1520(e)-(f)

& 416.920(e)-(f).  If the claimant can still perform past relevant work, the claimant is not entitled to disability benefits and the inquiry ends.  *Id.*

Step five shifts the burden to the Commissioner to prove that the claimant is able to perform other work in the national economy, taking into account the claimant's age, education, and work experience. *See* 20 C.F.R. §§ 404.1512(f), 404.1520(g), 404.1560(c) & 416.912(f), 416.920(g), 416.960(c).  To meet this burden, the Commissioner must establish that (1) the claimant is capable of performing other work; and (2) such work exists in "significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2); 416.960(c)(2); *Beltran v. Astrue*, 676 F.3d 1203, 1206 (9th Cir. 2012).

### III.    Standard of Review

A district court's review of a final decision of the Commissioner is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is limited, and the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1144, 1158-59 (9th Cir. 2012) (citing § 405(g)).  Substantial evidence means "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir.1997) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)) (internal quotation marks omitted).  In determining

whether the Commissioner's findings are supported by substantial evidence, "a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989)).

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the ALJ. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Moreover, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina*, 674 F.3d at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115. The burden of showing that an error is harmful generally falls upon the party appealing the ALJ's decision. *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009).

//

//

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 6**

### IV. Statement of Facts

The facts of the case are set forth in detail in the transcript of proceedings, and only briefly summarized here. Mr. Cook was born in 1970. AR 31. He has a limited education, having completed school only through eighth grade. *Id*; ECF No. 14 at 1. Mr. Cook has no previous relevant work experience. AR 31.

Mr. Cook alleges multiple physical and mental impairments, including major depressive disorder, post-traumatic stress disorder, social anxiety, degenerative disc disease, and osteoarthritis of the hands. AR 22; ECF No. 14 at 1.

### V. The ALJ's Findings

The ALJ determined that Mr. Cook was not under a disability within the meaning of the Act from May 31, 1996, through the date of the decision. AR 18-32.

**At step one**, the ALJ found that Mr. Cook had not engaged in substantial gainful activity since May 31, 1996 (citing 20 C.F.R. §§ 404.1571 *et seq*. & 416.971 *et seq*.). AR 20.

**At step two**, the ALJ found Mr. Cook to have the following medically determinable impairments through March 31, 1997, his date last insured: depression, gastritis, cheekbone fracture, and back strains (citing 20 C.F.R. §§ 404.1520(c) & 416.920(c)).[2] AR 20.

---

[2] The ALJ found these impairments were not severe for the time period between May 31, 1996, the alleged onset date, and March 31, 1997, the date last

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 7**

The ALJ next found Mr. Cook to have at the time of the decision the following several impairments: major depressive disorder, post-traumatic stress disorder, social anxiety, mild degenerative disc disease, and mild osteoarthritis of the hands (citing 20 C.F.R. § 416.920(c)). AR 22-23.

At **step three**, the ALJ found that Mr. Cook did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. §§ 404, Subpt. P, App. 1. AR 23-24.

At **step four**, the ALJ found Mr. Cook had the following residual function capacity: He can perform medium work with some exceptions. He can occasionally climb ladders, ropes, or scaffolds. He can frequently stoop. He should avoid work concentrated exposure to extreme cold, vibrations, and hazards in the workplace. He can perform simple, routine, and repetitive tasks consistent with unskilled work. He is limited to performing low stress work, defined as work requiring few decisions and few changes. He can have no contact with the public and only superficial contact with coworkers and occasional contact with supervisors. AR 24.

The ALJ found that Mr. Cook had no past relevant work experience, so transferability of job skills was not an issue. AR 31.

---

insured. Thus, the rest of the analysis proceeded only pursuant to Mr. Cook's Title XVI application for Supplemental Social Security Income. AR 21-22.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 8**

At **step five**, the ALJ found that in light of his age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Mr. Cook can perform. AR 31-32. These include box folder, trucker washer, and machine feeder. AR 32. The ALJ consulted with a vocational expert to assist in this determination. *Id.*

## VI.  Issues for Review

Mr. Cook argues that the Commissioner's decision is not free of legal error and not supported by substantial evidence. Specifically, he argues the ALJ erred by: (1) improperly weighing the medical evidence and (2) improperly discrediting Mr. Cook's subjective symptom testimony. ECF No. 14 at 4.

## VII.  Discussion

**A. The ALJ did not properly consider the weight of all of Mr. Cook's medical providers.**

 **1.  Legal Standard.**

The Ninth Circuit has distinguished between three classes of medical providers in defining the weight to be given to their opinions: (1) treating providers, those who actually treat the claimant; (2) examining providers, those who examine but do not treat the claimant; and (3) non-examining providers, those who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (as amended).

A treating provider's opinion is given the most weight, followed by an examining provider, and finally a non-examining provider. *Id*. at 830-31. In the absence of a contrary opinion, a treating or examining provider's opinion may not be rejected unless "clear and convincing" reasons are provided. *Id*. at 830. If a treating or examining provider's opinion is contradicted, it may only be discounted for "specific and legitimate reasons that are supported by substantial evidence in the record." *Id*. at 830-31.

The ALJ may meet the specific and legitimate standard by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (internal citation omitted). When rejecting a treating provider's opinion on a psychological impairment, the ALJ must offer more than his or her own conclusions and explain why he or she, as opposed to the provider, is correct. *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

**2.  Dr. Jamie Carter, Ph.D.**

Dr. Carter performed an evaluation on Mr. Cook on September 25, 2012. AR 343-48. Dr. Carter opined that Mr. Cook showed "symptoms consistent with major depressive disorder," as well as PTSD stemming from his experiences in prison. AR 348. She also could not rule out ADHD, based mostly on his academic problems. *Id.* Dr. Carter assessed only a fair prognosis with difficulties related to

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS** ~ 10

Mr. Cook's ability to work with others, adapting to a work setting, attendance, and task performance, even with regard to simple tasks. *Id.*

The ALJ gave partial weight to Dr. Carter's opinion in part because it was "not entirely supported by the treatment record." AR 29. The Court disagrees. Dr. Carter's diagnoses of major depressive disorder and PTSD are supported by multiple other professionals. Dr. Kari Heistand, M.D., also diagnosed Mr. Cook with these conditions in 2011. AR 398. Dr. Troy R. Witherrite, M.D., also noted in June 2012 that Mr. Cook's depression "appears to be his primary problem" and references Mr. Cook's complicated prescription history that is better suited for a psychiatrist. AR 369. This also contradicts the ALJ's finding that Mr. Cook has "only established routine and conservative care." AR 29.

Further, the only professional to perform objective testing to ascertain Mr. Cook's mental functioning was Dr. Carter. Mr. Cook's scores were all in the borderline to extremely low range on the WMS-IV, which indicated "deficits in all aspects of memory including Auditory, Visual, Visual Working, Immediate and Delayed." AR 346. He also struggled on his Trailmaking Test. *Id.* These objective findings are not contradicted elsewhere in the record and strongly support Dr. Carter's opinion.

Dr. Carter reported that Mr. Cook would gain some benefit from continuing therapy and medication. AR 348. The parties dispute whether Mr. Cook was

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 11**

actively seeking regular mental health treatment at this time. ECF Nos. 14 at 6; 18 at 7-8 The ALJ used the lack of regular mental health treatment as another justification for giving Dr. Carter's findings only partial weight. AR 29. The ALJ and the Commissioner both fail to explain how this contradicts the personal observations and objective testing, however. While the Court will defer to the ALJ's finding that Mr. Cook was not obtaining regular care, as this issue is in dispute, it still does not serve as a valid reason for disregarding an otherwise strongly anchored opinion.

Regardless of whether he was receiving treatment, Dr. Carter based her findings on Mr. Cook at the time of the evaluation, and her notes are entirely consistent with her opinion. AR 343-48. Dr. Carter observed Mr. Cook's anxious affect, mild psychomotor agitation, and lack of tangential speech. AR 346. Dr. Carter also witnessed Mr. Cook's significant struggles on his testing, a major factor in her consideration. AR 345-46, 348. Moreover, the fact Mr. Cook occasional had periods of some improvement does not undermine Dr. Carter's opinion due to the cyclical nature of mental illness. *See Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014) (isolated instances of improvement over a period of months or years should not be considered as evidence of a claimant's ability to work).

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS** ~ 12

The Court does not find that the ALJ set "out a detailed and thorough summary of the facts and conflicting clinical evidence." *Magallanes*, 881 F.2d at 751. Remand is appropriate for proper consideration of Dr. Carter's findings, particularly with regard to the objective testing.

### 3. Jessica Webb, ARNP.

Ms. Webb filed two mental source statements, in January and June 2014. AR 506-08, 550-52. In both statements, Ms. Webb opined severe and marked limitations in numerous functional areas. *Id.* Ms. Webb estimated that Mr. Cook would be off task over thirty percent of the time and would need to miss four or more days per month from work. AR 508, 522. Due to the severity of his impairments, if Ms. Webb's opinions were accepted, it would warrant a finding of disability. 20 C.F.R. § 416.920(4)(iii); *see also* AR 75 (testimony of vocational expert regarding employability with more than 15% of missed work).

"Other sources" for opinions include nurse practitioners, physicians' assistants, therapists, teachers, social workers, spouses, and other non-medical sources. 20 C.F.R. §§ 404.1513(d), 416.913(d). Non-medical testimony can never establish a diagnosis or disability absent corroborating competent medical evidence. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir.1996). An ALJ is obligated to give reasons germane to "other source" testimony before discounting it. *Dodrill v. Shalala*, 12 F.3d 915 (9th Cir.1993).

The ALJ provided three reasons for rejecting Ms. Webb's statements: (1) they were unsupported by the record; (2) she was not an acceptable medical source; and (3) the information was contained in a checkbox without supporting explanation.

First, the ALJ's finding that Ms. Webb is not an acceptable medical source is not a germane reason. The ALJ should have given consideration to Ms. Webb's opinion, even if it was not to be given the same deference of a physician. *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir.1987) (An ALJ is required to "consider observations by non-medical sources as to how an impairment affects a claimant's ability to work.").

The ALJ's other reasons are germane reasons, however. Checkbox format statements may be given less weight when they are conclusory in nature and lack substantive medical findings to support them. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). The level of severe limitations assessed in the statements are not supported by the record. While Mr. Cook does not seem fully well at office visits, the observations by Ms. Webb do not corroborate the extreme level of impairments she listed on the mental source statements. AR 534-44.

//

//

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS** ~ 14

### 4. Dr. Brandon Elrod, D.O.

Dr. Elrod evaluated Mr. Cook on October 20, 2012, and provided a physical disability evaluation. AR 349-52. The examination showed normal gait, bending, motor function, straight leg raise, and range of motion in all joints. AR 351. The ALJ afforded significant weight to Dr. Elrod's opinion, although ALJ Grace did include additional physical limitations in Mr. Cook's residual functional capacity based on the record as a whole. AR 30-31.

Mr. Cook asserts the weight given to Dr. Elrod's opinion is improper because in August 2006[3], Victoria Hopkins, PA-C completed a medical assessment form that stated Mr. Cook's knee injury was severe and made him unemployable. AR 513. The ALJ gave Ms. Hopkins's opinion little weight because it was issued several years prior to his protective filing date and the record does not indicate that the level of severity lasted longer than twelve months. AR 30. As Dr. Elrod evaluated Mr. Cook's gait, range of motion, and function in his lower extremities, including his knee, and the findings were normal, AR 351, the assessment from Ms. Hopkins several years prior does not undermine Dr. Elrod's medical statement.

Mr. Cook also notes that Dr. Elrod did not view any x-rays or MRI results prior to his examination, which limits his opinion. ECF No. 14 at 12. X-rays in

---

[3] The ALJ lists this examination as August 2005, and the Court notes that the handwriting is difficult to read.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 15**

September 2012, however, just prior to the examination, reveal no more than minimal findings. AR 353-57.

The ALJ's decision demonstrates that it is based on a review of the record as a whole, including the x-rays and Dr. Elrod's opinion, and the residual functional capacity is based on the credible information within. Other than the remote knee injury, which was not even among the impairments alleged by Mr. Cook in his filing for benefits, AR 268, no doctor has provided physical limitations beyond those included. The addition of physical limitations other than those assessed by Dr. Elrod does not undermine his opinion, but rather demonstrates a comprehensive consideration of the record by the ALJ.

**B. The ALJ did not err with regard to Mr. Cook's credibility.**

An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective symptoms is credible. *Tommasetti v. Astrue,* 533 F.3d 1035, 1039 (9th Cir. 2008). First, the claimant must produce objective medical evidence of an underlying impairment or impairments that could reasonably be expected to produce some degree of the symptoms alleged. *Id.* Second, if the claimant meets this threshold, and there is no affirmative evidence suggesting malingering, "the ALJ can reject the claimant's testimony about the severity of [his] symptoms only by offering specific, clear, and convincing reasons for doing so." *Id*.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 16**

In weighing a claimant's credibility, the ALJ may consider many factors, including, "(1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). When evidence reasonably supports either confirming or reversing the ALJ's decision, the Court may not substitute its judgment for that of the ALJ. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir.1999). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834.

Regarding Mr. Cook's physical impairments, the ALJ notes numerous inconsistencies between Mr. Cook's allegations and the medical record, specifically the minimal findings that do not support severe impairments. AR 25-26. Generally, the record demonstrates normal findings, such as gait, range of motion, stability, and strength. AR 366, 369, 380. Only minimal degenerative change was noted in his spine and hands on imaging. AR 353-57. An ALJ may consider a lack of objective medical evidence when making conclusions about credibility. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005).

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS** ~ 17

The ALJ also noted, particularly with regard to his mental impairments, Mr. Cook had "significant gaps" in treatment, including numerous canceled appointments. AR 26. This is supported by the record and best summed up in the psychological evaluation performed by Dr. Kari Heistand, M.D. on September 26, 2011, which states that Mr. Cook had "multiple previous outpatient mental health treatment experiences, usually brief and soon lost to follow up." AR 395. This record shows a pattern of failure with regularly attending appointments and follow up care for both mental and physical issues. *E.g.*, AR 470, 531-36, 540, 545. Likewise, Dr. Robert E. Schneider, Ph.D., evaluated Mr. Cook in March 2001 and noted that Mr. Cook "is not expected to comply with expectations unless there are clear and immediate consequences for all failures to comply." AR 521. Mr. Cook's own inability to sustain mental health treatment undermines his allegations of disabling severity and it was rational for the ALJ to consider this. *See Molina*, 674 F.3d at 1114 (a claimant's statements may be considered less credible when the treatment is inconsistent with the level of complaints or a claimant does not follow treatment prescribed without good reason).

The ALJ also cited to Mr. Cook's activities of daily life, which support the ALJ's finding that Mr. Cook is able to participate in some social events and could manage limited social encounters in the workplace. AR 27. The ALJ cited to numerous social connections, as well as outings outside the home, including AA

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 18**

meetings, school performances by his daughter, and shopping. *Id.*; AR 344, 422, 70, 489. While one does not need to be "utterly incapacitated" to be eligible for benefits, *see Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989), Mr. Cook's activities of daily living do not corroborate Mr. Cook's allegations of severe limitations in social settings.

Finally, the ALJ discussed inconsistencies regarding Mr. Cook's work record. The ALJ noted Mr. Cook did not stop working at his most recent job due to impairments, but rather because the company failed. AR 28, 345. The Court recognizes that Mr. Cook's criminal record may have implications on his ability to find work, but, as the ALJ opined, this does not affect his functional capacity. As this was only one factor of the many considered by the ALJ, the Court finds no error in the ALJ's overall assessment of Mr. Cook's credibility.

**C. Remedy.**

The Court has the discretion to remand the case for additional evidence and findings or to award benefits. *Smolen*, 80 F.3d at 1292. The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id.* Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, the Court finds that further proceedings are necessary for a proper determination to be made.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 19**

On remand, the ALJ shall formally reconsider the opinion of Dr. Carter and the limitations set forth within. Upon giving appropriate consideration to the opinion, the ALJ shall recalculate the residual functional capacity, considering all impairments, and then evaluate, based on this updated residual functional capacity, Mr. Cook's ability to perform past relevant work, as well as work available in the national economy.

## VIII.  Conclusion

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is not supported by substantial evidence or free of legal error. Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 14**, is **GRANTED.**

2. Defendant's Motion for Summary Judgment, **ECF No. 18,** is **DENIED.**

3. The District Court Executive is directed to enter judgment in favor of Plaintiff.

4. This matter is **REMANDED** to the Commissioner for further proceedings consistent with this Order.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward copies to counsel and **close the file**.

**DATED** this 9th day of March, 2017.

*s/Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS** ~ 20